IN THE DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-374-D

| KEVIN SPENCER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BETH G. WALKER, and | ) | |
| LINDA WHITE, | ) | |
| | ) | |
| Defendants. | ) | |

On August 12, 2019, Kevin Spencer ("Spencer" or "plaintiff"), proceeding pro se, filed a complaint against defendants Beth G. Walker ("Walker") and Linda White ("White;"collectively, "defendants") in the General Court of Justice, Wake County District Court Division-Small Claims. See Compl. [D.E. 1-2]. Walker and White were Spencer's supervisors at the Department of Homeland Security, Transportation Security Administration ("TSA"). See Def'ts' Ex. 2 [D.E. 11-2] ¶ 4. Spencer alleges that both defendants harassed him and fostered a hostile work environment between May 19, 2019, and July 17, 2019, in violation of Title VII. See Compl. [D.E. 1-2]. The United States timely removed the case to this court. See [D.E. 1].

On October 4, 2019, defendants moved to dismiss the complaint or in the alternative for summary judgment [D.E. 8] and filed a memorandum in support [D.E. 9]. On October 4, 2019, the court informed Spencer of his right to respond to the defendants' motion and warned Spencer that he must file a response on or before October 28, 2019 [D.E. 12]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). The court also warned Spencer that if he failed to respond to the motion, the court may grant the motion and enter summary judgment for defendants. See [D.E. 12]. Spencer did not to respond to defendants' motion. As explained below, the court

grants defendants' motion for summary judgment.

I.

In 2019, Spencer worked for the TSA as a lead transportation security officer and screener at Raleigh Durham International Airport ("RDU"). [D.E. 11-2] ¶ 4. Walker was the senior TSA official at RDU. See id. at ¶ 3. White was a TSA official responsible for managing the TSA screening workforce at RDU. See id. at ¶ 2.

On February 14, 2019, while deployed at a Terminal 1 checkpoint, a female co-worker alleged that Spencer stared at her for 90 seconds such that four passengers had to navigate around Spencer. See Def'ts' Ex. 3 [D.E. 11-3] 1, 3–4. The co-worker described the incident as harassment and reported it to her supervisor. See Def'ts' Ex. 2 [D.E. 11-2] ¶ 5; Def'ts' Ex. 3[D.E. 11-3] 1. On February 28, 2019, Spencer provided a written statement to a supervisor as part of the inquiry. See Def't's Ex. 3[D.E. 11-3] 2, 4–5

On April 10, 2019, while Spencer was working at Terminal 2, he loudly accused a subordinate TSA employee of lying to a supervisor as both stood nearby. See Def'ts' Ex. 3 [D.E. 11-3] 2, 4. When the supervisor told Spencer that she would address the matter with him separately, Spencer loudly stated "talk about what . . . I don't need to talk . . . you supervisors were standing right there . . . why do you need to talk to me?" See id. at 2. The supervisor then brought Spencer into a private screening room to discuss the incident. See id. at 2. The supervisor asked Spencer multiple times to explain what happened. See id. In response, Spencer angrily raised his voice and refused to elaborate on his accusation. See id. at 2, 5.

White received notice of the complaint that Spencer's female co-worker made against Spencer concerning the February 14, 2019 incident and referred the complaint to Walker to investigate under TSA's ISA Management Directive (MD) 1100.73-3 Anti-Harassment Program.

2

See Def'ts' Ex. 2 [D.E. 11-2] at ¶ 6. Walker appointed a fact finder to investigate the harassment complaint as well as the April 10, 2019 incident. See id. at ¶ 7; Def'ts' Ex. 3 [D.E. 11-3] 1–2.

On July 7, 2019, TSA suspended Spencer for three days for inappropriate conduct, providing inaccurate information in his February 28, 2019 statement, and failure to exercise courtesy toward a supervisor. See Def'ts' Ex. 2 [D.E. 11-2] ¶ 8; Def'ts' Ex. 3 [D.E. 11-3] 1. The disciplinary action described the administrative grievance procedures that Spencer could take to contest the action, but Spencer did not pursue those procedures until after he filed suit in Wake County District Court. See Compl. [D.E. 1-2]; Def'ts' Ex. 2 [D.E. 11-2] ¶ 9; Def'ts' Ex. 3 [D.E. 11-3] 6.

In considering defendants' motion for summary judgment, the court views the evidence in the light most favorable to Spencer, the nonmoving party. See Fed. R. Civ. P. 56; Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325-26 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–55 (1986); Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson, 477 U.S. at 247-48. The party seeking summary judgment must initially come forward and demonstrate an absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 325. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact for trial. See Matsushita, 475 U.S. at 586-87. There "is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. It is insufficient to show a "mere . . . scintilla of evidence in support of the [nonmoving party's] position . . .; there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." Id. at 252.

3

As for Spencer's complaint, he cites Title VII and alleges that defendants harassed him, retaliated against him, and created a hostile work environment "in general and specifically between May 19, 2019, and July 17, 2019." Compl. [DE. 1-2]. The defendants' motion asserts that Spencer failed to exhaust his administrative remedies before filing suit, that Walker and White are not proper defendants under Title VII, and that Spencer's complaint fails to plausibly allege a Title VII violation. See [D.E. 9] 7–12.

Defendants' statement of undisputed material facts is "deemed admitted for purposes of the motion [for summary judgment]" because Spencer failed to file an opposing statement controverting defendants' statement of undisputed material facts. Local Civil Rule 56.1(a); Young v. Onslow Water & Sewer Authority, No. 7:16-CV-259-D, 2018 WL 405975, at *1 n.1 (E.D.N.C. Jan. 18, 2018) (unpublished). As such, there is no genuine issue of material fact. See Anderson, 477 U.S. at 249. Accordingly, in light of the record and governing law, the court grants defendants' motion for summary judgment. See [D.E. 9] 7–12; 42 U.S.C. § 2000e-16(c); Brown v. Gen. Serv. Admin., 425 U.S. 820, 832 (1976).

II.

In sum, the court GRANTS defendants' motion for summary judgment [D.E. 8] and DISMISSES the action without prejudice for failure to exhaust administrative remedies. The clerk shall close the case.

SO ORDERED. This 16 day of December 2019.

JAMES C. DEVER III
United States District Judge